UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE W. WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:18-CV-449 JD-MGG |
| DR. NANCY MARTHAKIS, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

George W. Wilson, *pro se* prisoner, filed a complaint alleging he is being discriminated against because of his disability in violation of Title II of the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act (RA). ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Wilson is incarcerated at the Indiana State Prison (ISP). According to the allegations of the complaint, he is a disabled inmate, unsteady on his feet as a result of various medical conditions. Due to a number of past falls, Wilson was prescribed a wheelchair and shower seat. However, on June 4, 2018, he was placed in segregation

and both of these items were taken away. As a result, Wilson is unable to visit the recreation room, make phone calls or take a shower.

To state a claim under the Rehabilitation Act, Wilson "need only allege that (1) he is a qualified person; (2) with a disability and (3) the Department of Corrections denied him access to a program or activity due to his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Here, Wilson alleges he is disabled and not afforded the privileges of non-disabled inmates, such as engaging in recreation, making phone calls or taking a shower. Given the inferences he is entitled at this stage of the proceedings, Wilson has stated a claim. *Jaros*, 684 F.3d at 672 (noting that the prison's refusal to accommodate a disability that keeps an inmate from accessing the showers on the same basis as other inmates violates the Rehabilitation Act). Notably, prison employees have no individual liability in RA claims; these claims must be brought against a governmental entity. 42 U.S.C. § 12132; *Jaros*, 684 F.3d at 672 ("[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or ADA."). Consequently, these allegations state a plausible claim for a violation of the RA by Warden Neal in his official capacity. Wilson also alleges these same facts state a claim for a violation of Title II of the ADA. Nevertheless, there is no need to pursue both. The relief available under these statutes is coextensive and "[a]s a practical matter, [he] can have but one recovery." *Id.* (citing cases explaining that dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained). Therefore

even if these facts could also state an additional claim, this case "gains nothing by attracting additional . . . labels." *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005).

Next, Wilson complains about not receiving adequate medical care at ISP for injuries he sustained in past falls. He complains that on October 20, 2017, he fell and injured his scrotum and lower abdominal area. ECF 1 at 2. He was examined by "medical staff," who told him everything was normal. "The health care provider" did not provide him any further treatment. ECF 1 at 2. He also alleges that on May 30, 2018, he fell and broke one of his fingers, but he has not received any treatment or x-ray to determine the extent of the injury. Id.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent

that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

The problem here is that Wilson does not provide the necessary details for this court to determine if these claims present a constitutional violation. To start, Wilson has not named any responsible defendant. He claims that "the health care provider" failed to give him adequate treatment for his injured scrotum and does not identify who failed to give him treatment for his broken finger. Thus, Wilson does not identify what any named defendant did in connection with his claims. This is necessary as "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Additionally, Wilson does not explain what treatment he sought in connection with these injuries, what treatment was provided and what treatment was denied. Because there are no allegations that any defendant was deliberately indifferent to his serious medical needs, Wilson has not stated a plausible Eighth Amendment claim.

As a final matter, Wilson brings an unrelated claim against Dr. Marthakis and Wexford Health Services, Inc., for not treating his Hepatitis C while incarcerated at ISP. Notably, this claim is not dependant upon, or related to, the others as it involves different defendants, different incidents that took place on separate dates, and involves different sets of operative facts. Thus, this claim does not belong in the same lawsuit as

the rest of Wilson's claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ..").

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Typically, it is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case. *Id*. Here, however, the court will pick a claim (or related claims) for him because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Id*. This option seems to be the best solution in this case since Wilson fears that he is at risk of future falls without the assistance of a wheelchair or shower seat. Thus, to avoid any potential future harm caused by delaying his disability claim, the court will select the RA-related claims and will dismiss the unrelated claims regarding the treatment of his Hepatitis C. Wilson may raise the treatment of his Hepatitis C in a different lawsuit, but not in this one.

For these reasons, the court:

(1) GRANTS George W. Wilson leave to proceed against Warden Neal in his official capacity for compensatory damages and injunctive relief for denying him access to the recreation room and shower area because of his disability in violation of the Rehabilitation Act;

(2) DISMISSES all other claims;

(3) DISMISSES Dr. Nancy Marthakis and Wexford Health Services, Inc. as

defendants;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process at the IDOC on Warden Neal with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court