UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE W. WILSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RON NEAL,<br><br>　　　　Defendant. | CAUSE NO. 3:18-CV-449-JD-MGG |

OPINION AND ORDER

George W. Wilson, a prisoner without a lawyer, is proceeding against Warden Ron Neal for compensatory damages for allegedly denying him access to the recreation room and shower area because of his disability in violation of the Rehabilitation Act. (ECF 3.) On May 31, 2019, Warden Neal filed the instant motion for summary judgment asserting there are no genuine issues of material fact to support Wilson's claim. (ECF 84.) The summary judgment motion was accompanied by a notice as required by N.D. Ind. L.R. 56-1(f), which informed Wilson of the importance of responding. (ECF 86.) On July 3, 2019, Wilson filed a response to the motion for summary judgment. (ECF 89.) Warden Neal filed his reply on July 17, 2019. (ECF 90.)

FACTS

Wilson is currently housed at the Indiana State Prison ("ISP") and is diagnosed with chronic osteoarthritis in his ankles, knees, lower back, neck, shoulders, right wrist, and most of his fingers. (ECF 85-2 at 6, 8.) As a result of his diagnosis, he was prescribed

a cane; however, he was not given a handicapped cell and he never requested one.[1] (*Id.* at 12, 13.) Wilson was given a "flag pass," which meant he was placed in a cell on the lower range of the prison. (*Id.* at 12.) He was prescribed a shower chair, and a doctor also assigned him a wheelchair. (*Id.* at 13-14, 16-18.)

On June 5, 2018, Wilson was placed in administrative segregation for 30 days after he was found guilty of battering a fellow inmate. (*Id.* at 20-21.) In investigating the battery, prison staff viewed a security video which showed Wilson running up a flight of stairs and assaulting an inmate. (*Id.*) The sole reason Wilson was placed in administrative segregation was because a hearing officer found him guilty of battery. (*Id.* at 21; ECF 85-6 at 1.)

On the same day, Dr. Nancy Marthakis, an ISP doctor, determined that Wilson no longer needed a wheelchair because he "was witnessed on camera by custody getting out of his wheelchair and running up several flights of stairs without difficulty." (ECF 85-3 at 1.) This was the sole reason Dr. Marthakis discontinued his medical order for his wheelchair. (ECF 85-2 at 23, 25.) He, however, continued to use a cane and had a flag pass. (*Id.* at 25.) Prior to Dr. Marthakis's decision to discontinue his wheelchair, a physical therapist had also recommended that Wilson use a wheelchair for long distances, and a cane for short distances. (*Id.* at 32-33.)

---

[1] From 1992 through 2013, Wilson was housed at Wabash Valley Correctional Facility. (ECF 85-2 at 6.) While housed at that facility, a doctor assigned him a handicapped cell because of his advanced osteoarthritis. (*Id.* at 10.)

After being transferred to administrative segregation, Wilson was housed in a cell on the first floor of the prison. (ECF 85-5 at ¶ 6.) The fixtures in his room were arranged in such a way as to allow him to use the sink for grooming while he was seated on his bed. (*Id*.) Wilson was able to move directly from the bed onto the toilet without standing or walking by using his upper body for support. (*Id*.) He was not permitted to have a chair that was not attached to the floor or wall because it posed a security risk. (*Id*. at ¶ 7.) It could be used to assault prison staff or other inmates. (*Id*.) Thus, during this 30-day period, Wilson was no longer allowed to use the prison's chairs in the shower. (ECF 85-2 at 27-28.)

Wilson wrote two letters to Warden Neal during the time he was housed in administrative segregation. (*Id*. at 34.) Specifically, he told Warden Neal that he "hadn't showered, and [he] needed a wheelchair to go to the shower, to go out to rec[reation] to call [his] family. [And he] needed a wheelchair to go to medical." (*Id*.) Warden Neal responded to Wilson on June 27, 2018, stating:

> After checking into the issues within your letter, I find that Dr. Marthakis is indeed the authority who removed the wheelchair from you, which is certainly a medical decision.
>
> As the Warden of the Indiana State Prison, I do not make medical decisions nor am I trained to do so. Dr. Marthakis has documented that you can walk and do not have a need for a wheelchair. However, I have asked medical [to reassess] your situation.

(ECF 85-7 at 1.) On July 2, 2018, Wilson was released from the administrative segregation unit. (ECF 85-2 at 47.) After his release, he was given a chair to use for his showers, but he was not given a wheelchair. (*Id*. at 48-49.)

3

STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material

dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable fact finder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.* Nevertheless, a party opposing summary judgment may not rely on allegations or denials in his own pleading, but rather must "marshal and present the court with the evidence []he contends will prove h[is] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

ANALYSIS

Warden Neal moves for summary judgment asserting there is no evidence to support Wilson's claims that he was denied access to the recreation room, shower area, or a wheelchair because of his disability. (ECF 85 at 7.) Warden Neal states that the sole reason Wilson was placed in administrative segregation and medical staff discontinued his wheelchair order was because he was observed on video running up a flight of stairs and battering another inmate. (*Id.*) Warden Neal further explains that he was provided with reasonable accommodations during his 30-day term of administrative segregation because he was given a cell on the first floor of the prison and it was arranged in such a way that he could utilize the toilet and sink without standing or walking. (*Id.*) And he also continued to have the use of a cane. (*Id.*) In sum, Warden Neal asserts that Wilson has failed to produce any evidence that he was denied access to a program or activity because of his disability while he was housed in administrative segregaton. (*Id.*)

To state a claim under the Rehabilitation Act, a plaintiff must show: "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him

5

access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). For purposes of summary judgment, Warden Neal does not dispute that Wilson is a qualified individual with a disability.

The court agrees with Warden Neal and finds that Wilson has failed to produce any evidence that shows he was denied access to a program or activity because of his disability. In this case, the record establishes that Wilson was placed in administrative segregation for 30 days after a hearing officer found him guilty of battery. (ECF 85-2 at 20-21; ECF 85-6 at 1.) The investigation of the incident showed Wilson on prison security video running up a flight of stairs to assault another inmate. (ECF 85-2 at 20-21.) At his deposition, Wilson admitted that the sole reason for his placement in the segregated housing unit was because he battered the inmate. (*Id.* at 21.) Dr. Marthakis then discontinued Wilson's wheelchair order because he "was witnessed on a camera by custody getting out of his wheelchair and running up several flights of stairs without difficulty." (ECF 85-3 at 1.) At his deposition, Wilson admitted that this was the sole reason Dr. Marthakis discontinued his wheelchair. (ECF 85-2 at 23.) And Wilson admitted that Warden Neal had no reason to doubt Dr. Marthakis's medical decision to discontinue his wheelchair. (*Id.* at 41.) Furthermore, the record shows that Wilson was not permitted to bring chairs in the shower area because of the prison's safety and security rules. (ECF 85-5 at ¶ 7.)

In *Banks v. Patton*, 743 Fed. Appx. 690 (7th Cir. 2018), the Seventh Circuit looked at facts similar to those in this case. The plaintiff in *Banks* entered jail immediately following amputation of his left arm and continued to have complications from the

6

amputation. *Id*. at 692. He requested a handicapped-accessible cell; however, he was not given one due to safety and security concerns. *Id*. The plaintiff also submitted requests for a wheelchair and to be moved closer to the shower area but those were denied. *Id*. at 692-93. However, despite his medical issues, he received a number of disciplinary actions for his behavior. *Id*. at 692.

In considering the evidence, the Seventh Circuit "could not conclude that the jail withheld [a handicapped accessible cell] 'by reason' of [the plaintiff's] disability, and not for a generally applicable reason." *Id*. at 697. Specifically, the court reasoned that the jail "showed that grab bars and handrails present safety risks, including the risk of using them to commit suicide (something to which the maximum-security population already is more susceptible)." *Id*. And, "despite his amputation, [the plaintiff] continued to pose a disciplinary challenge . . . . elevating security concerns" and "a doctor opined that [the plaintiff] did not require a wheelchair, despite his request." *Id*. In sum, the court held that "[s]ecurity concerns and medical opinions, specific to the offender, are neutral reasons for declining accommodations." *Id*. Thus, the plaintiff failed to show that the denial of any accommodation was "by reason of" his disability.

In sum, Wilson has failed to show that he was denied access to a program or activity because of his disability. Rather, the evidence establishes that only neutral reasons exist—Wilson was placed in administrative segregation following disciplinary action and a prison doctor determined that his wheelchair was no longer medically necessary because he was able to walk. Thus, the denial of access to a program or activity—the recreation room and shower area—was for reasons other than Wilson's

status as an individual with a disability. *Novak v. Bd. of Trustees of S. Illinois Univ.*, 777 F.3d 966, 974 (7th Cir. 2015) (the defendant "is entitled to summary judgment unless the claimant can present sufficient evidence that the [defendant's] proffered reason is a pretext for discrimination.")[2]

For these reasons, the court GRANTS Warden Neal's motion for summary judgment (ECF 84). This case is DISMISSED with prejudice.

SO ORDERED on February 4, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[2] To the extent Wilson asserts he was not provided with adequate medical care, he was not given leave to proceed on this claim. (ECF 3 at 5; ECF 89 at 10-11.)